[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15943
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00004-BAE-GRS-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RICARDO VAZQUEZ-GARCIA,
a.k.a. Peluqillas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 7, 2014)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Appellant Jose Ricardo Vazquez-Garcia pled guilty to Count Three of a superseding indictment charging him, and 16 others with conspiring, in violation of 18 U.S.C. § 371, to coordinate the transportation of women who had entered the United States illegally to Savannah, Georgia and elsewhere for the purpose of prostitution; to transport these women to and from Savannah to cause them to engage in prostitution; to harbor these women in various residences in Savannah; and to engage in sexual activities with these women in Savannah and elsewhere, all in violation of 18 U.S.C. § 2421. The district court thereafter sentenced Appellant to a prison term of 36 months, varying upward from the Guidelines range of 15 to 21 months. He now appeals his sentence.

Appellant argues that his sentence was procedurally unreasonable because the district court's upward variance was inadequately explained and based on clearly erroneous assumptions about factors already taken into account by the Guidelines range. He also challenges the substantive reasonableness of his sentence, contending that the court not only gave significant weight to irrelevant or improper factors but also placed too much weight on the nature and circumstances of his offense, rather than focusing on factors in mitigation of his sentence.

Generally, we review the reasonableness of all sentences, whether they are within or outside of the Guidelines, under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d

445 (2007).  Appellant has the burden of establishing that his sentence is unreasonable in light of the record, the purposes of a criminal sentence as set out in 18 U.S.C. § 3553(a)(2)(A)-(C), and the other sentencing factors of § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

## I. Procedural Reasonableness

In reviewing the reasonableness of a sentence, we first ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, treating the Sentencing Guidelines as mandatory rather than advisory, failing to consider the appropriate statutory factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

The district court need not articulate in detail its consideration of the § 3553(a) factors but must "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'"  *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010) (quoting *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468, 168 L.Ed.2d 203 (2007)).  Additionally, the court does not abuse its discretion by enhancing a defendant's sentence based on the same factors already accounted for by the Guidelines.  *United States v. Amedeo*, 487 F.3d 823, 833-34 (11th Cir. 2007).  The court also does not abuse its discretion by enhancing a

defendant's sentence on the basis of undisputed facts contained in the PSI, as such facts are deemed admitted if not objected to by the defendant. *United States v. Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006).

Appellant's sentence, above the applicable Guidelines range, is procedurally reasonable. The court correctly calculated the Guidelines range, treated the Guidelines as advisory, based the sentence on undisputed facts, and explicitly stated that it had considered the § 3553(a) factors. *See Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Contrary to Appellant's assertion that the court based his sentence on clearly erroneous assumptions about the number of victims involved, the record shows that the court used unobjected-to facts from the presentence report ("PSI"), which he admitted at sentencing. As such, the court did not abuse its discretion in relying on those admitted facts in sentencing. *See Bennett*, 472 F.3d at 833-34. Moreover, the court adequately explained its decision to impose an upward variance, pointing to Appellant's "egregious" conduct, whereby he used his "superior position to require or seek the submission of the prostitutes, who largely were penniless, in a foreign land, without any resources whatsoever."

## II. Substantive Reasonableness

After reviewing the procedural reasonableness of a sentence, we then examine whether the sentence is substantively unreasonable, taking into account the extent of any variance, based on the totality of the circumstances. *Gall*, 552

4

U.S. at 51, 128 S.Ct. at 597.  This examination includes an inquiry into whether the statutory factors in § 3553(a) support the sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Pursuant to § 3553(a), the district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" set forth in 18 U.S.C. § 3553(a)(2), including promoting respect for the law, deterring criminal conduct, and protecting the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2)(A)-(C).  In determining a particular sentence, the court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).  A district court's failure to give mitigating factors the weight a defendant contends they deserve does not render the sentence unreasonable.  *United States v. Lebowitz*, 676 F.3d 1000, 1016-17 (11th Cir. 2012) (quotation omitted), *cert. denied*, 133 S. Ct. 1492 (2013).  We will only vacate a sentence if we are "left with the definite and firm conviction that the district court

5

committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

When the district court decides after "serious consideration" that a variance is in order, based on the above § 3553(a) factors, it should explain why that variance "is appropriate in a particular case with sufficient justifications." *Gall*, 552 U.S. at 46, 128 S.Ct. at 594. Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one. *Irey*, 612 F.3d at 1196. In imposing an upward variance, the district court is free to consider any information relevant to a defendant's "background, character, and conduct." *United States v. Tome*, 611 F.3d 1371 (11th Cir. 2010); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

Finally, a sentence imposed below the statutory maximum penalty is an indicator of a reasonable sentence. *See United States v. Early*, 686 F.3d 1219, 1222 (11th Cir. 2012). For example, we have upheld as reasonable upward variances above the applicable advisory guideline range where the sentence does

not exceed the statutory maximum.  *See, e.g.*, *United States v. Mateos*, 623 F.3d 1350, 1366 (11th Cir. 2010).

Appellant does not demonstrate that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors.  The district court's variance may be considered major at 71 percent, but it provided sufficient justifications to support Vazquez-Garcia's sentence.  *Gall*, 552 U.S. at 50, 128 S.Ct. at 597; *Irey*, 612 F.3d at 1196.  Although the court may have given greater weight to the nature and circumstances of the offense and to Vazquez-Garcia's personal history and characteristics than other § 3553(a) factors, that is a decision committed to the court's sound discretion.  *See Williams*, 526 F.3d at 1322.  To the extent that Appellant urges us to re-weigh the § 3553(a) factors to place greater emphasis on his mitigating factors, we will not do so.  *See Lebowitz*, 676 F.3d at 1016-17.   Furthermore, the court properly considered his uncharged attempted illegal entries and sexual conduct with the prostitute victims, as this information was relevant to his background, character, and conduct.  *See Tome*, 611 F.3d at 1371; 18 U.S.C. § 3661.  Finally, while the extent of the variance exceeded the advisory guideline range by 15 months, Appellant's sentence of 36-months fell well below the 60-month statutory maximum sentence.  *See Early*, 686 F.3d at 1222; *Mateos*, 623 F.3d at 1366.  As such, we cannot say that "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving

at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

AFFIRMED.